PROB 12A
(REVISED 5/2011)

# United States District Court
for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Kim Monique Dillard</u>  Case Number: <u>3:12-00009</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>March 18, 2013</u>

Original Offense: <u>Count 1: 18 U.S.C. §§ 641 and 2 - Stealing, Embezzling, and Converting Government Money or Property; Count 2: 18 U.S.C. §§ 1001(a)(2) and 2 - False Statements</u>

Original Sentence: <u>Five years' probation</u>

Type of Supervision: <u>Probation</u>  Date Supervision Commenced: <u>February 6, 2013</u>

Assistant U.S. Attorney: <u>To be determined</u>  Defense Attorney: <u>Michael C. Holley</u>

---

**THE COURT ORDERS:**

☒ No Action  *as recommended* [handwritten]
☐ Submit a Petition for Summons
☐ Submit a Petition for Warrant
☐ Other

Considered this 30th day of July, 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Kimberly Haney
U.S. Probation Officer

Place    Nashville, Tennessee

Date    July 30, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.**     **The defendant shall pay restitution in the amount of $152,425 at the rate of ten percent of the defendant's gross monthly income.**

Ms. Dillard has failed to make regular monthly payments towards her restitution. Since the start of her term of probation in March 2013, Ms. Dillard has not made any payments towards restitution. Until September 2013, she made regular monthly payments of $25 towards payment of her $200 special assessment. She resumed payments in March 2014, and her special assessment balance is $25.

### Compliance with Supervision Conditions and Prior Interventions:

Kim Monique Dillard began her term of probation on March 18, 2013. Her term of probation is scheduled to expire on March 17, 2018. Ms. Dillard is disabled, and she receives social security benefits in the amount of $710 per month. Ms. Dillard is an amputee (left leg), and she had been diagnosed with chronic kidney failure, which requires dialysis treatments three times per week. Ms. Dillard successfully completed eight months' home detention without incident. During Ms. Dillard's probationary period, the probation officer has instructed her to submit regular monthly payments towards her special assessment and restitution. Per 18 U.S.C. § 3572(i), a fine or payment of restitution is in default if a payment is delinquent for more than 90 days. It is determined that Ms. Dillard is in default of making her restitution payments.

According to 18 U.S.C. § 3613(A), upon finding that the defendant is in default on a payment of a fine or restitution, the Court may, pursuant to section 3565, revoke probation or a term of supervised release, modify the terms or conditions of probation or supervised release, resentence a defendant pursuant to section 3614, hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, enter or adjust a payment schedule, or take any other action necessary to obtain compliance with the order of a fine or restitution.

The Financial Litigation Unit has been notified of Ms. Dillard's non-payment status, and she has been enrolled in the Treasury Offset Program.

Ms. Dillard is in compliance with all other standard rules and special conditions of her supervised release.

### U.S. Probation Officer Recommendation:

At this time, the probation officer is requesting that no additional action be taken by the Court.

It is recommended that Ms. Dillard continue on probation with ongoing monitoring by the probation officer. Any further non-compliant behavior will be promptly reported to Your Honor.

The U.S. Attorney's Office has been advised of the offender's noncompliance and concurs with this recommendation.

Approved: _____  
Vidette A. Putman  
Supervisory U.S. Probation Officer